## LEE ORUM v. STATE.

No. A-4633.    Opinion Filed Nov. 22, 1924.

(230 Pac. 295.)

(Syllabus.)

**Appeal and Error—Failure to File Brief or Appear to Argue Case—Affirmance.** In an appeal from a conviction for felony, where no brief is filed or appearance made to orally argue the case for plaintiff in error, the court will examine the entire record, including the transcript of the evidence, and if no fundamental error of law appears, and the evidence of the state reasonably tends to support the verdict and judgment, the judgment will be affirmed.

Appeal from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Lee Orum was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Smith & Smith, for plaintiff in error.

The Attorney General, for the State.

MATSON, P. J. The plaintiff in error, Lee Orum, was charged by indictment in the superior court of Okmulgee county with the crime of murder. Said crime, according to the allegations of the indictment, was committed in said county on the 24th day of December, 1921, by shooting to death one Walter Wear, with a pistol.

On a trial to a jury in October, 1922, the plaintiff in error was convicted of the crime of manslaughter in the first degree and punishment assessed at imprisonment in the penitentiary for a term of four years, and on the 16th day of October, 1922, the court rendered judgment in accordance with the verdict. The petition in error and case-made were filed in this court on April 10, 1923, and the cause was finally submitted on the record on October 8, 1924.

This being an appeal from a judgment of conviction for a felony, the court has carefully examined the record in connection with the errors assigned. The transcript of the evidence is voluminous, covering approximately 400 pages of typewritten matter. The plaintiff in error shot and killed the deceased, Walter Wear, at the residence of one Fannie Bohannon in the town of Dewar, in Okmulgee county. The killing occurred on the day before Christmas, 1921, and it appears from the record that the plaintiff in error, an officer, was somewhat under the influence of intoxicants at the time the shooting occurred. The plaintiff in error contended that the shooting was accidental and in self-defense; that the deceased attempted to take the plaintiff in error's pistol from him; and in the scuffle that followed the shooting occurred. The evidence on the part of the state would support a conviction for murder, and the evidence as a whole is amply sufficient to support a manslaughter judgment. The jury assessed the minimum punishment for manslaughter in the first degree, and after having read the record we think the plaintiff in error was extremely fortunate in that the jury did not assess a more severe punishment. The trial court fully covered the law of the case in the instructions given, and while certain instructions are alleged to be erroneous, and examination of the charge as a whole convinces the court that no error occurred in the instructions sufficient to authorize a reversal of the judgment. The same may be said to be true of the other errors assigned.

An examination of the entire record convinces the court that the judgment should be affirmed, and it is so ordered.

BESSEY and DOYLE, JJ., concur.